IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FEDERATED LIFE INSURANCE COMPANY — PLAINTIFF

vs. — Civil Action No. 1:25-CV-170-GHD-DAS

TERRY RICHARDSON; and SOUTHERN OIL DISTRIBUTORS, INC. — DEFENDANTS

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AS TO SOUTHERN OIL DISTRIBUTORS, INC.

Presently before the Court is the Plaintiff's motion for default judgment against the Defendant Southern Oil Distributors, Inc. [23]. Upon due consideration, the Court finds that the motion should be granted.

On October 22, 2025, the Plaintiff filed an interpleader complaint against the Defendants, primarily seeking to interplead the proceeds from a life insurance policy, plus applicable death claim interest, into the registry of the Court [1]. The two Defendants were served with process, but Southern Oil Distributors has failed to plead or otherwise defend this action [5, 6, 8]. Accordingly, upon motion by the Plaintiff, the Clerk of Court made an Entry of Default against Southern Oil Distributors on June 16, 2026 [20] against Southern Oil Distributors. The Plaintiff has now filed the present motion seeking to have the Court enter a default judgment in its favor as to Southern Oil Distributors [23], to which Southern Oil Distributors has failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex.

June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff has satisfied these requirements in relation to the Defendant Southern Oil Distributors.

Because Southern Oil Distributors has failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted as to it. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted). The Court shall therefore grant the Plaintiff's motion for default judgment against Southern Oil Distributors in this matter.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment as to Southern Oil Distributors [23] is GRANTED. It is further ORDERED that Southern Oil Distributors waives any and all rights to object to the following relief requested by the Plaintiff:

(1) That the subject policy proceeds, plus applicable death claim interest required by the Policy and Mississippi law, be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to any judgment of this Court;

(2) That the Court adjudicate the issue of which Interpleader Defendant or other party is rightfully entitled to the policy proceeds;

(3) That the Court enter an Order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns from instituting or maintaining any action in any Court or forum against the Plaintiff for the recovery of any claim in whole or in part against the Policy; and

(4) That the Plaintiff be dismissed with prejudice from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy with an express finding of finality.

SO ORDERED, this 24th day of August, 2026.

SENIOR U.S. DISTRICT JUDGE